Kenneth ADAMS et al.,

v.

David MATHEWS et al., and Cynthia L. Buxton et al., Appellants.

No. 76–1395.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 22, 1976.

Decided May 7, 1976.

Lois J. Schiffer, Washington, D.C., with whom Marcia D. Greenberger, Washington, D.C., was on the pleadings, for appellants.

Barbara L. Herwig, Atty., Dept. of Justice, Washington, D.C., with whom Ronald R. Glancz, Washington, D.C., was on the pleadings, for appellees.

Before WRIGHT, LEVENTHAL and ROBINSON, Circuit Judges.

## ORDER

PER CURIAM.

On consideration of appellants' motion for summary reversal, and of appellees' response, it is

ORDERED by the Court that the aforesaid motion for summary reversal is granted for the reasons set forth in the attached memorandum.

The Clerk is directed to transmit a certified copy of this order and memorandum to the District Court as promptly as the business of his office permits.

PER CURIAM:

The instant proceeding arises from the unsuccessful attempt by appellants, the plaintiffs in *Women's Equity Action League, et al. v. Mathews, et al.* (C.A. No. 74–1720) ("the WEAL plaintiffs"), to intervene in *Adams, et al. v. Mathews, et al.* (C.A. No. 3095–70). The *Adams* suit seeks to compel HEW to take appropriate action under Title VI of the Civil Rights Act of 1964 to end racial discrimination in employment and enrollment in schools receiving federal subsidies in 17 Southern and border states. *See* 42 U.S.C. § 2000d. In *Adams v. Richardson*, 156 U.S.App.D.C. 267, 480 F.2d 1159 (1973) (*en banc*), this court affirmed Judge Pratt's entry of judgment for plaintiffs, and Judge Pratt since has imposed on HEW a requirement that all Title VI complaints be decided "for administrative pur-

poses" within 90 days, that efforts to obtain voluntary compliance be exercised within the following 90 days, and finally that enforcement proceedings be commenced within 90 days after the expiration of the two 90-day periods. Order of March 14, 1975.

Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 *et seq.*, forbids discrimination on the basis of sex in the same basic language employed in Title VI of the Civil Rights Act. *See* 20 U.S.C. § 1681(a). HEW has alleged that the Title VI enforcement responsibilities imposed by Judge Pratt have made it impossible to devote any resources to review of Title IX complaints. Appellants, the Women's Equity Action League, other organizations, and individuals who are employed by or are students in schools located in the 17 Southern and border states, filed suit in 1974 to require HEW to devote resources to Title IX complaints. The WEAL suit is before Judge Waddy.

On January 9, 1976, WEAL moved in its action for a preliminary injunction barring HEW's deferral of review of Title IX complaints pending completion of all Title VI complaints. On February 13, HEW moved in the *Adams* suit for modification of Judge Pratt's March 14, 1975 order. The proposed plan would approve an allocation of resources among HEW activities in the relevant regions, including the enforcement of Title VI and Title IX. The WEAL plaintiffs moved to intervene in *Adams* on March 17. They joined, as applicants for intervention, a group of Mexican-Americans who sought to secure HEW enforcement of "national origin" desegregation under Title VI, and who had moved to intervene on January 22.

On March 30, Judge Pratt granted the Mexican-Americans leave to intervene; on March 31, he denied the WEAL plaintiffs' request for intervention, on the ground that the Title IX issues were best left to the WEAL suit. Also, on March 31, however, Judge Waddy denied the motion for preliminary injunction in the WEAL suit on the ground that the motion had been "mooted" by the WEAL plaintiffs' application for intervention in the *Adams* litigation.

Although appellants alerted Judge Pratt to the incorrect assumptions of both orders in an unopposed motion for reconsideration filed April 2, the motion was denied by fiat on April 6. Appellants then moved for reconsideration of Judge Waddy's denial of their motion for a preliminary injunction, but have requested that proceedings on that motion be stayed pending resolution of the instant motion.

This motion for summary reversal was filed on April 27. The *Adams* plaintiffs did not oppose the motion; defendant HEW took no position in its response. Appellants argue that their interest in devotion of HEW resources to Title IX complaints may be adjudicated by approval of the government's motion for modification, which motion already has been briefed by the parties. At oral argument, counsel for HEW expressed her belief that the *Adams* litigation would not be disrupted unduly or rendered unmanageable by the proposed intervention of the WEAL plaintiffs.

The government's motion for modification in *Adams* has put squarely at issue the question what amount of HEW resources should be devoted to enforcement of Title IX. Further, appellants' interest is not represented by any parties to the proceedings on that motion. The WEAL plaintiffs therefore were entitled to intervene in the *Adams* litigation as of right, Fed.R.Civ.P. 24(a)(2); *Nuesse v. Camp*, 128 U.S.App.D.C. 172, 385 F.2d 694 (1967); *Smuck v. Hobson*, 132 U.S.App.D.C. 372, 408 F.2d 175 (1969)(*en banc*); *see* Wright & Miller, 7A *Federal Practice and Procedure* § 1923 (1972), and their motion for summary reversal accordingly is granted.

The clerk is directed to send a copy of this memorandum to the Chief Judge of the District Court for consideration, in consultation with Judge Pratt and Judge Waddy, of means by which this litigation might be handled most efficiently, including the possible assignment of both cases, in whole or in part, to the same judge.